O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC WALKER, | Case No. CV 10-2441-JFW (SP) |
| Plaintiff, | **MEMORANDUM AND ORDER DENYING FEBRUARY 13, 2013 MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| JAMES VARELA, et al., | |
| Defendants. | |

## I.

## INTRODUCTION

On July 1, 2011, plaintiff Cedric Walker, a state prisoner proceeding pro se, filed his Second Amended Complaint ("SAC") under 42 U.S.C. § 1983.  In the SAC, plaintiff alleged that nine employees of the California Department of Corrections and Rehabilitation ("CDCR"), inter alia, violated his First, Fourth, Eighth, and Fourteenth Amendment rights by using excessive force against him, for retaliation, for violating his due process rights, for exhibiting deliberate indifference to his serious medical needs, and for failure to train.  All of the misconduct complained off allegedly occurred at the California State Prison, Los Angeles County ("CSP-LAC").

Defendants moved to dismiss the SAC.  On December 3, 2012, the Court dismissed all the claims except the excessive force claim, and dismissed all the

1  defendants except defendants James Varela, Ruben Duenas, and Gregorio Vasquez, all

2  of whom were correctional officers at CSP-LAC during the relevant period.

3     On February 13, 2013, plaintiff filed a Motion for Injunctive Relief.  In the

4  Motion, plaintiff seeks a preliminary injunction to require CDCR to transfer him from

5  CSP-LAC to another level III prison, preferably the Richard J. Donovan Correctional

6  Facility ("Donovan") in San Diego, and to transfer plaintiff's property with him.  Mot.

7  at 22-23.  Plaintiff asserts that he was recently ordered to be returned to CSP-LAC III

8  "A" Yard, and that it is not safe for him there because, in July 2010, he was assaulted

9  and robbed of his cell phone by two other inmates, and then received a death threat via

10 an anonymous kite, all while housed at CSP-LAC "A" Yard (which was then a level

11 IV prison).  Mot. at 2-3, 12-14.  "Plaintiff fears for his safety from CSP-LAC staff, and

12 the unidentified anonymous kite writer, who may or may not be housed on CSP-LAC

13 III 'A' Yard."  Mot. at 1.  In addition, plaintiff wishes to be housed at Donovan

14 because his extended family resides in San Diego.  Mot. at 7.  Finally, plaintiff

15 complains that he has been separated from his property while temporarily being housed

16 elsewhere before his return to CSP-LAC, and that this has hindered his ability to

17 litigate this case.  Mot. at 3-4, 18-19.

18     For the reasons set forth below, the Court finds that plaintiff has failed to make a

19 clear showing that he is entitled to a preliminary injunction.  Further, the Court lacks

20 personal jurisdiction over CDCR to grant the relief plaintiff seeks.  Accordingly,

21 plaintiff's Motion is denied.

22                                    **II.**

23                            **DISCUSSION**

24     A preliminary injunction is "an extraordinary and drastic remedy, one that

25 should not be granted unless the movant, *by a clear showing*, carries the burden of

26 persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d

27 162 (1997) (per curiam) (internal quotations marks and citation omitted).  The plaintiff

28 bears the burden to establish that "he is likely to succeed on the merits, that he is likely

1    to suffer irreparable harm in the absence of preliminary relief, that the balance of

2    equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

3    *Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249

4    (2008) (citations omitted).  Where a plaintiff has not made the minimum showing of

5    irreparable injury, it is not necessary for the court to decide whether the plaintiff is

6    likely to succeed on the merits.  *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762

7    F.2d 1374, 1378 (9th Cir. 1985).

8        Here, the Court finds that it lacks jurisdiction to grant the injunctive relief

9    plaintiff seeks, because it lacks personal jurisdiction over CDCR.  And in any event,

10   the Court further finds that plaintiff has not shown he is likely to suffer irreparable

11   injury.

12   **A.**   **The Court Lacks Jurisdiction to Grant the Injunctive Relief Plaintiff Seeks**

13       It is well established that a federal court may issue an injunction only "if it has

14   personal jurisdiction over the parties and subject matter jurisdiction over the claim; it

15   may not attempt to determine the rights of persons not before the court." *Zepeda v.*

16   *United States Immigration and Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir.

17   1985); *see also In re Rationis Enters., Inc. of Panama*, 261 F.3d 264, 267 (2d Cir.

18   2001) ("requirement that jurisdiction be established as a threshold matter springs from

19   the nature and limits of the judicial power of the United States and is inflexible and

20   without exception") (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-

21   95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (internal quotation marks omitted)).

22   Accordingly, "[u]nder Federal Rule of Civil Procedure 65(d), an injunction binds only

23   'the parties to the action, their officers, agents, servants, employees, and attorneys, and

24   . . . those persons in active concert or participation with them.'" *Zepeda*, 753 F.2d at

25   727; *see also Citizens Alert Regarding the Env't v. United States Envtl. Prot. Agency*,

26   259 F. Supp. 2d 9, 17 n.7 (D.D.C. 2003), *aff'd*, 102 Fed. App'x 167 (D.C. Cir. 2004) (a

27   district court is "powerless to issue an injunction against" an entity that is "not a party

28   to [the] action"); *Gilchrist v. Gen. Elec. Capital Corp.*, 262 F.3d 295, 301 (4th Cir.

2001) ("any injunction entered against individuals is an *in personam* action that may be enforced against individuals only over whom the court has personal jurisdiction," unless the individuals "could be shown to have been 'in active concert or participation with' parties over whom the court ha[s] jurisdiction" (citations omitted)).

In order to grant plaintiff's desired relief here – to be moved to another prison with his property – the Court must be able to exercise jurisdiction over CDCR. The Court's jurisdictional reach, however, fails to extend that far. CDCR is not a party to this action. The only defendants remaining are three correctional officers who can not personally have the authority to transfer plaintiff to another prison. Plaintiff also does not contend, much less establish, that CDCR is somehow acting "in active concert or participation with" defendants. The Court therefore lacks the authority to direct CDCR to move plaintiff to another prison with his property. As such, plaintiff's Motion must be denied for want of jurisdiction. *See Zepeda*, 753 F.2d at 727; *Citizens*, 259 F. Supp. 2d at 17 n.7; *Gilchrist*, 262 F.3d at 301.

**B.** **Plaintiff Failed to Demonstrate He Is Likely to Suffer Irreparable Harm in the Absence of the Preliminary Injunctive Relief He Seeks**

Injunctive relief cannot be granted unless plaintiff "has shown that irreparable harm is 'likely'; the 'possibility' of harm is insufficient to meet [plaintiff's] burden." *Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1191 (9th Cir. 2011) (citing *Winter*, 555 U.S. at 22). Although "'likely' is a higher threshold than 'possible,' [plaintiff] need not prove that irreparable harm is certain or even nearly certain." *Id.* Here, plaintiff's Motion falls well short of establishing that irreparable harm is likely without injunctive relief.

Plaintiff asserts that he believes his life is in danger at CSP-LAC "A" Yard because, while housed at that prison almost three years ago, he received a death threat from an anonymous individual. Plaintiff acknowledges that he does not know whether the person who made the threat, or others who may have been involved with him, are still at that prison. Although plaintiff attaches numerous exhibits to his Motion, all of

4

those that concern any threat to plaintiff are from July 2010 or earlier. *See, e.g.,* Mot., Exs. F, K. None of the exhibits or assertions by plaintiff provide any reason to find that now, almost three years later, plaintiff is in any particular danger. Further, given that the prison has been reclassified from level IV to level III, it appears quite likely that the prison inmates now are largely different from those in 2010.

The exhibits also indicate that CDCR and its employees have been following proper procedures with respect to prison transfers and movement of plaintiff's property. *See, e.g.*, Mot., Exs. A (review of and reasons given for denial of request for transfer to Donovan), B (complaint of missing property after transfer received and response given that property would be issued upon arrival). Consequently, there is no reason to find that court intervention is needed to prevent irreparable harm to plaintiff.

In sum, because the Court lacks jurisdiction over CDCR to order the relief plaintiff seeks, and because in any event plaintiff has failed to show that he is likely to suffer irreparable harm in the absence of the preliminary injunctive relief he seeks, his Motion must be denied.

## III.

## ORDER

IT IS THEREFORE ORDERED that plaintiff's Motion for Injunctive Relief (docket no. 82) is DENIED.


DATED: March 1, 2013

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE


Presented by:


_____
Sheri Pym
United States Magistrate Judge

5